LESLIE H. JAMOUNEAU, APPLICANT, v. BOARD OF COMMISSIONERS OF THE CITY OF NEWARK AND HARRY S. REICHENSTEIN, CLERK OF THE CITY OF NEWARK, DEFENDANTS.

Argued October 3, 1944—Decided October 30, 1944.

Before Justices CASE, BODINE and PORTER.

For the applicant, *Saul A. Wittes.*

For the defendants, *Joseph A. Ward* and *Philip J. Schotland.*

The opinion of the court was delivered by

CASE, J. Applicant seeks a writ of *certiorari* to review a resolution adopted by the Board of Commissioners of the City

of Newark making an emergency appropriation of $85,388.10 for expenses and disbursements of the law department of the city for the costs of foreclosure and liquidation of tax title liens, in the Department of Public Works, and authorizing an emergency note to provide the necessary funds.

*Ex parte* proofs submitted by the defendants, the truth of which is not disputed by the applicant, show that the tax foreclosure division of the Department of Public Works, functioning as a separate division of the law department under the direction of the corporation counsel, is engaged in the work of supervising the foreclosure of approximately 2,500 tax lien certificates, that a large volume of the foreclosure work was parceled out to about 200 lawyers who were burdened with the tasks of searching and reading titles, preparing pleadings and attending before masters, that varying degrees of attention and diligence on the part of the lawyers necessitated a reorganization of the scheme resulting in a reduction of the list of attorneys from 200 to 75, that the revised system was completed in April, 1944, and effected an acceleration of the work beyond the stage foreseen in the compiling and adopting of the 1944 budget, that the additional appropriation is necessary for the uninterrupted continuance of the work and that interruption would mean a collapse of the plan and an incidental accumulation of expenses and costs which would work to the disadvantage of the city. The applicant does not seriously dispute the major facts, and he does not question the reasonableness of the anticipated costs.

The resolution is rested upon *R. S.* 40:2–31. It recites that an emergency has arisen with respect to the aforesaid work by reason of the lack of sufficient funds; that the emergency arises because of the reorganization of the work of the foreclosure and liquidation of the tax liens and the consequent acceleration of the proceedings; that the extent of the acceleration could not have been anticipated or the extent of the need for funds foreseen and consequently an emergency appropriation is needed in the named amount, &c.

The application for a writ of review is grounded in three points: (1) the resolution does not set out the nature of the emergency in full as required by law; (2) the writ of

*certiorari* should issue because the prosecutor denies the existence of any emergency; (3) the foreclosure of tax title liens does not come within that class of exceptional cases for which an emergency appropriation may be made.

It appears to us that the resolution does amply set out the nature of the emergency and, further, that the denial by the applicant of the existence of an emergency does not serve to vary the logic of the resolution supplemented by the undisputed proofs that an emergency does in fact exist.

The third point is rested by the applicant upon his conception of the meaning of the following provision in *R. S.* 40:2–31, as amended, *Pamph. L.* 1939, *ch.* 23, *p.* 36:

"* * * Such an appropriation shall be made only to meet a pressing need for public expenditure, to protect or promote the public health, safety, morals or welfare or to provide for relief of the poor prior to the ensuing budget year. * * *"

The argument is that such an appropriation may be made only when there is a pressing need for public expenditure (1) to protect or promote the public health, safety, morals or welfare or (2) to provide for relief of the poor prior to the ensuing budget year. The wording and the punctuation of the statute are such as to leave no doubt in our minds that the suggested construction is fallacious. We read the statute to provide that the purposes for which such an appropriation may be made are (1) to meet a pressing need for public expenditure, or (2) to protect or promote the public health, safety, morals or welfare, or (3) to provide for the relief of the poor prior to the ensuing budget year. The pressing need for the proposed expenditure has been shown to exist. We find no such debatable question of fact or law as calls for the issue of a writ.

The application is denied, with costs.